Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Lisa Cintron (SBN 356009)
*lcintron@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave., Suite 500
Burbank, CA  91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY JONES, individually and on behalf of all others similarly situated, | Case No. 3:26-cv-05012 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| SHEIN US SERVICES, LLC, | |
| Defendant. | |

Plaintiff Ashley Jones, individually and on behalf of all others similarly situated ("Plaintiff"), brings this Class Action Complaint against Defendant SHEIN US Services, LLC ("Defendant" or "Shein"), and alleges as follows based on personal knowledge of facts pertaining to her and on information and belief as to all other matters:

## I.    NATURE OF ACTION

1.    "If everyone is getting a deal, is anyone really getting a deal?"[1] This class action targets Shein's unlawful, unfair, and fraudulent business practice of advertising fictitious prices and corresponding phantom discounts on its merchandise. As detailed herein, through a practice commonly known as "false reference pricing," Shein misrepresents the existence, nature, and amount of price discounts on merchandise sold on Shein's online store by purporting to offer steep discounts off of fabricated market and/or former reference prices. The end result is a significant price disparity that creates the illusory impression of considerable savings, and ultimately induces consumers into making a purchase they would not have made absent the appearance of the fictitious discount.

2.    Shein utilizes a false and misleading reference price in the marketing and selling of Shein branded and/or trademarked merchandise sold on its website. Shein advertises its merchandise for sale by listing a fictitious "reference price" that is crossed out in favor of a prominent "sale" price, with a corresponding "%" off indication next to the two prices.  The "sale" price is substantially discounted from the crossed out reference price:

3.    The reference price used to create the discount, however, is total fiction. The merchandise sold on Shein's website is *never* offered for sale, nor actually sold, at the represented reference price. Instead, the reference price is false and is solely used to induce consumers into believing that the merchandise was once sold for that amount. Shein's deceptive pricing scheme has the effect of tricking consumers into believing they are receiving a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its regular or original retail price.

---

[1] David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, NY TIMES (Mar. 6, 2016), *available at* https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html.

4.      Shein's conduct violates federal law because the reference price does not represent a *bona fide* price at which Shein previously sold a substantial quantity of the merchandise for a reasonable period of time as required by the Federal Trade Commission ("FTC"). In addition, Shein's conduct violates California law because the fictitious reference price was not the prevailing market retail price within the three months immediately preceding the publication of the advertised former reference price.

5.      Specifically, Shein's conduct violates California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL"), False Advertising Law, Business & Professions Code §§ 17500, *et seq.* (the "FAL"), and Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"). Shein's conduct also violates the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)). Further, Shein's conduct constitutes fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment.

6.      Plaintiff brings this action individually and on behalf of other similarly situated consumers who have purchased one or more items on Shein's online store that were deceptively represented as discounted from false former reference prices. Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception Shein has created in the minds of consumers, and obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme. Plaintiff also seeks to enjoin Shein from using false and misleading misrepresentations regarding retail price comparisons in its labeling and advertising permanently. Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Shein was unjustly enriched as a result of its sales of merchandise offered a false discount. Plaintiff also seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## II.    JURISDICTION AND VENUE

7.      This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from

Defendant. There are at least 100 putative Class Members.

8.      This Court has personal jurisdiction over Defendant in this action because Defendant is a limited liability company authorized to conduct and does regularly conduct business in the State of California. Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, otherwise intentionally avails itself of the California market, and conducts substantial business within this District.

9.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant transacts substantial business in this District. A substantial part of the events giving rise to Defendant's alleged conduct arose here.

III.    PARTIES

10.     Plaintiff Ashley Jones is a California citizen residing in the County of Los Angeles. During the relevant period, Plaintiff made numerous purchases on Defendant's website in reliance on the "sale" and "reference" pricing Defendant advertised for the merchandise she purchased, believing she was receiving a large discount for her purchases based on those advertisements. If Plaintiff had known the reference prices were fictitious and the sale was illusory, she would not have made the purchases on Defendant's website.

11.     Defendant SHEIN US Services, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California. Defendant operates and maintains an online store offering various lines of clothing, handbags, shoes, jewelry, accessories, and more. Through this website, Defendant advertises, markets, distributes, and/or sells clothing and fashion accessories in California and throughout the United States.

IV.     FACTUAL BACKGROUND

**Shein is a Global Leader in "Fast Fashion" Sales**

12.     Shein is "by some measures, the largest online only fashion company"[2] with estimated revenue exceeding $30 billion annually.[3] Shein projected $2 billion in global net income in 2025, nearly

---

[2] *See* David Curry, *Shein Revenue and Usage Statistics (2026)*, Business of Apps (May 5, 2026), *available at* https://www.businessofapps.com/data/shein-statistics/.

[3] *See* Gabrielle Fonrouge, *Taking a deep dive into Shein's revenue*, CNBC (Jan 9, 2024), *available at* https://www.cnbc.com/video/2024/01/09/taking-a-deep-dive-into-sheins-revenue.html.

CLASS ACTION COMPLAINT; No. 3:26-cv-05012

double its profit of $1.1 billion in 2024.[4] Shein's sales are conducted through the online store on its website.

13. Shein has "emerged as a leading player for 'fast fashion' consumers" in "a $106.4 billion industry as of 2022."[5] As of 2023, "Shein has outpaced competitors—including Zara and H&M—to take a dominant position in the U.S. market . . . ."[6] Shein reportedly had approximately 17.3 million active shoppers in 2023, an annual metric that has steadily grown since 2017[7] and continues to grow to present. Shein's U.S. sales in the first quarter of 2025 were almost $10 billion.[8]

**The Fraudulent Sale Discounting Scheme**

14. Shein specializes in the sale of clothing, shoes, handbags, jewelry, accessories, and more. Shein directly markets its merchandise to consumers in the State of California and throughout the United States via its e-commerce website (us.shein.com).

15. Shein engages in a scheme to defraud its customers by perpetually discounting its merchandise. Specifically, Shein advertises its merchandise with a false reference price and corresponding sale price immediately next to the item, along with a comparison that states, "–___%" to denote the percentage of the purported discount between the sale and reference price. The reference price conveys to the customer the purported regular, or original, price of the item. The sale price conveys to the customer a deeply discounted price at which the item is presently being offered for sale. The reference price is conveyed to the consumer in smaller, crossed-out text while the sale price, is advertised by larger colorful text that is more prominently placed on the website:

[4] *Shein Eyes $2 Billion Profit in 2025 Despite US Tariff Headwinds*, Bloomberg (Nov. 6, 2025), *available at* https://www.bloomberg.com/news/articles/2025-11-06/shein-eyes-2-billion-profit-in-2025-despite-us-tariff-headwinds.

[5] Nicholas Kaufman, *Shein, Temu, and Chinese e-Commerce: Data Risks, Sourcing Violations, and Trade Loopholes*, USCC (Apr. 14, 2023), *available at* https://www.uscc.gov/sites/default/files/2023-04/Issue_Brief-Shein_Temu_and_Chinese_E-Commerce.pdf).

[6] *Id.* at 1.

[7] *Supra* note 1.

[8] *SHEIN's US sales decline following end of tariff exemption*, Apparel Resources (Oct. 13, 2025), *available at* https://apparelresources.com/business-news/retail/sheins-us-sales-decline-following-end-tariff-exemption/.

CLASS ACTION COMPLAINT; No. 3:26-cv-05012



16.     On information and belief, Shein merchandise is rarely, if ever, offered for sale anywhere at the original reference price. The "regular" price is merely a false reference price, which Shein utilizes to deceptively create a deeply discounted sale price for the vast majority, if not all, of its online merchandise.

17.     Shein's illusory discounts are particularly misleading because consumers often decide to make purchases based on an internal reference price – i.e., consumers will often make a purchasing decision when they believe products to be less expensive than the perceived "normal" value of a given item. By featuring "discounts" from improper price comparisons, Shein takes advantage of this well-documented behavior in hopes of influencing its customers into purchasing an item and increasing its profits. Shein's scheme also appeases consumers' concerns about missing a "better deal" and discourages comparison shopping by creating a false sense of urgency, not only based on the sale price itself but other urgent language such as "Can't Miss" or "Almost sold out" (an impression that the "sale" pricing is temporary and that a consumer should act quickly or lose significant savings).

18.     Online retailers, including Shein, understand that consumers are susceptible to a good bargain, and therefore, Shein has a substantial interest in manufacturing a bargain in order to generate sales. A product's "original," or reference, price matters to consumers because it serves as a baseline upon which consumers perceive a product's value. In this case, Shein marked its merchandise with an original or false

reference price which conveys to consumers, including to Plaintiff, "the product's worth and the prestige that ownership of the product conveys." *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013) (citing Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, 11 J. PUB. POL'Y & MKTG. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."); *id*. at 56 ("[E]mpirical studies indicate that as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases.").

19.    Shein's pricing advertisements uniformly include both the false reference price with a corresponding sale price and "–___%" placed next to the item. This uniform scheme intends to and does provide misinformation to the customer. This misinformation communicates to consumers, including Plaintiff, that the Shein products have a greater value than the advertised discounted price. As the Ninth Circuit has recognized, "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be." *See Hinojos*, 718 F.3d at 1106.

20.    The Federal Trade Commission ("FTC") describes the fictitious pricing scheme employed by Defendant as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. **If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for the reasonably substantial period of time, it provides a legitimate basis for the advertising** of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. **If on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one**; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a) (emphases added).

21.    Similarly, California statutory and regulatory law expressly prohibits false pricing schemes:

> For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

> **No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the

alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code. § 17501 (emphasis added).

22.    Both California and Federal law confirm what is inherently apparent: a business acts improperly when it manufactures or exaggerates a discount intended to make products appear more attractive.

23.    Shein also has been accused of and investigated for false discount schemes in Europe. European Union regulatory bodies have found Shein's practices, including the use of fake countdown timers, to violate European consumer laws, and France has fined Shein for these practices. *See* Mitchell Labiak, *Fake Discounts on Shein 'breach law', EU says*, BBC NEWS (May 26, 2025), https://www.bbc.com/news/articles/c62vq1mnndno.

**Plaintiff and the Class are Injured by Shein's Deceptive Pricing Scheme**

24.    The reference prices listed and advertised on Shein's online store products are fake reference prices, utilized only to perpetuate Shein's fake discount scheme.

25.    Shein knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California and federal law.

26.    Shein fraudulently concealed from and intentionally failed to disclose to Plaintiff and Class members the truth about its advertised discount prices and reference prices.

27.    At all relevant times, Shein has been under a duty to Plaintiff and Class members to disclose the truth about its false discounts.

28.    Plaintiff, in reliance on Shein's false and deceptive advertising, marketing, and discounting pricing schemes, has purchased many items from Shein within the applicable period. Some of Plaintiff's recent orders include: (1) in or around February 2026, Plaintiff placed an order on Shein's website for "INAWLY Plus Size Casual Solid Color Drawstring Sweatshirt" for an advertised sale price of $16.10, with a reference price of $21.79, and "1 Pair Of Silvery European And American Style Metal Personalized Circular Design Earrings" for an advertised sale price of $0.99, with a reference price of $3.00; and (2) in or around April 2026, Plaintiff placed multiple orders on Shein's website for "2026 Women's V-Neck Cinched Waist Dress" for an advertised sale price of $20.08, with a reference price of $30.29, "SHEIN

Essnce Plus Size Women's Summer Capri Pants" for an advertised sale price of $11.72, with a reference price of $19.59, "INAWLY Women's Short Sleeve T-Shirt With Slogan Print" for an advertised sale price of $4.65, with a reference price of $10.29, "You Are Enough Graphic T-Shirt" for an advertised sale price of $4.60, with a reference price of $9.59, "12pcs Patterned Geometric Metal Bangle Bracelet Set" for an advertised sale price of $2.70, with a reference price of $4.90, and "1pc Multi-Layer Ball Chain Necklace" for an advertised sale price of $1.47, with a reference price of $2.80. By purchasing the above items for a total of $62.31, Plaintiff was led to believe she saved approximately $39.94 on these recent purchases, for approximately a 40% total discount. In reality, Plaintiff's purported savings are grossly overstated, because any discount she received for the products were based off Shein's fabricated reference prices for those products.

29.　　With respect to every purchase described above, Plaintiff believed she was purchasing merchandise that was previously available on Shein's website at the "regular" or reference price listed.

30.　　Plaintiff was damaged because Shein's false reference price discounting scheme inflated the true market value of the items she purchased. Plaintiff is susceptible to this reoccurring harm because she cannot be certain that Shein has corrected or will correct this deceptive pricing scheme, and she desires to shop at Shein in the future. Plaintiff does not have individual resources necessary to determine whether Shein is complying with California and Federal law with respect to its retail pricing practices in the future.

31.　　Plaintiff relied upon Shein's artificially inflated reference prices and false discounts when purchasing merchandise from Shein. Plaintiff would not have made such purchases with Shein but for Shein's representations regarding the false reference prices and the fictitious sale prices of the merchandise.

32.　　Plaintiff and Class members reasonably and justifiably acted and relied on the substantial price differences that Shein advertised, and made purchases believing that they were receiving a substantial discount on items of greater value than they actually were. Plaintiff and Class members were lured in, relied on, and were damaged by the deceptive pricing scheme that Shein carried out.

33.　　Shein intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and Class members to purchase merchandise through its online store.

CLASS ACTION COMPLAINT; No. 3:26-cv-05012

## V.    CLASS ALLEGATIONS

34.    Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a proposed Class defined as follows:

> All natural persons in the United States who purchased one or more products from Shein's website at discounts from the reference price advertised as a sale price within the applicable Class Period (the "Nationwide Class").

Plaintiff also seeks to represent a California Subclass consisting of:

> All natural persons in the State of California who purchased one or more products from Shein's website at discounts from the reference price advertised as a sale price within the applicable Class Period (the "California Subclass").

These classes are collectively referred to herein as the "Class." Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors. Plaintiff reserves the right to expand, limit, modify, or amend these class definitions, including the addition of one or more subclasses, in connection with a motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

35.    The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

36.    *Numerosity*: The class members are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes that the proposed Class contains millions of individuals who have been damaged by Shein's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

37.    ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

a.    Whether, during the Class Period, Shein used false reference prices and falsely advertised price discounts on the merchandise it sold on its website;

b.    Whether, during the Class Period, the reference prices advertised by Shein were the prevailing market prices for the respective merchandise during the three months period preceding the dissemination and/or publication of the advertised former prices;

c.    Whether Shein's alleged conduct constitutes violations of the laws asserted;

d.    Whether Shein engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;

e.    Whether Shein engaged in false or misleading advertising;

f.    Whether Shein engaged in fraudulent and/or negligent misrepresentation of its online pricing;

g.    Whether Shein was unjustly enriched by its alleged conduct;

h.    Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

i.    Whether an injunction is necessary to prevent Shein from continuing to use false, misleading or illegal price comparison.

38.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Shein's false and deceptive price advertising scheme, as alleged herein.  Plaintiff is advancing the same claims and legal theories individually and on behalf of all Class members.

39.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

40.    *Superiority*: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to them and the class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for Plaintiff

and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

41.    All Class members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that former "original" advertised prices were in existence. Due to the scope and extent of Defendant's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to nationwide and California consumers via its website, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all Class members. In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing merchandise on Defendant's website.

42.    Defendant keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and general marketing programs. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation California's Unfair Competition Law ("UCL")**
**California Business and Professions Code §§ 17200, *et seq*.**

43.    Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

44.    Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass.

45.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code § 17200.

46.    The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices

occurred.

*"**Unfair**" **Prong**

47.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

48.    Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison advertising that represented false reference prices and corresponding deeply discounted prices. The discounted prices were nothing more than fabricated reference prices leading to phantom markdowns. Defendant's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

49.    The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests other than the misleading and deceptive conduct described herein.

*"**Fraudulent**" **Prong**

50.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

51.    Defendant's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public. Plaintiff relied on Defendant's fraudulent and deceptive representations regarding its sale and reference prices for products on Defendant's website. These misrepresentations played a substantial role in Plaintiff's decision to purchase those products at purported steep discounts, and Plaintiff would not have purchased those products without Defendant's misrepresentations.

52.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

*"**Unlawful**" **Prong**

53.    Defendant's acts and practices alleged above constitute unlawful business acts or practices

as it has violated state and federal law in connection with its deceptive pricing scheme. The Federal Trade Commission's Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements. 15 U.S.C. § 52(a). Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Defendant, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – **for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one**; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

54.    In addition to federal law, California law also expressly prohibits false former pricing schemes. California's False Advertising Law, Bus. & Prof. Code §17501 ("FAL"), entitled "*Worth or value; statements as to former price*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

> **No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501 (emphasis added).

55.    As detailed in Plaintiff's Third Cause of Action below, the Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9) ("CLRA"), prohibits a business from "[a]dvertising goods or services with

13

intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

56.    The violation of any law constitutes an "unlawful" business practice under the UCL.

57.    As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

58.    Defendant's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

59.    Defendant's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "original," or reference, prices and substantially discounted sale prices. These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and Class members.

60.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and Class members of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**
**Violation of California's False Advertising Law ("FAL")**
**California Business & Professions Code §§ 17500, *et seq.***

61.    Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

62.    Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass.

63.    Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

(Emphasis added).

64.     The "intent" required by Section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

65.     Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

66.     Defendant's routine of advertising discounted prices from false reference prices, which were never the prevailing market prices of those products and were materially greater than the true prevailing prices, was an unfair, untrue and misleading practice. This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were; therefore, leading to the false impression that the products sold by Defendant were worth more than they actually were.

67.     Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

68.     As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and Class members, and to enjoin Defendant from continuing these unfair practices in the future. Otherwise, Plaintiff, Class members, and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CAUSE OF ACTION**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**

69.     Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

70.     Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass.

71.     Plaintiff and Class members are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of products on its website to Plaintiff and Class members were "transactions" within the

meaning of California Civil Code § 1761(e). The products purchased by Plaintiff and Class members are "goods" within the meaning of California Civil Code § 1761(a). Defendant is a "person" as defined by Civil Code Section 1761(c).

72.     Plaintiff and Class members purchased merchandise from Defendant for personal, family, and household purposes, as defined by Cal. Civ. Code § 1761(d).

73.     As described herein, Defendant violated the CLRA by falsely representing the nature, existence and amount of price discounts by fabricating inflated references prices. Such a pricing scheme violated the CLRA in the following manner:

a.  In violation of Section 1770(a)(5), Defendant misrepresented that its merchandise had characteristics, benefits, or uses that they did not have (representing that merchandise was sold at a substantial discount when it was not);

b.  In violation of Section 1770(a)(7), Defendant misrepresented that the merchandise was of a particular standard, quality, and/or grade when they were of another (representing that merchandise was worth more than its actual value);

c.  In violation of Section 1770(a)(9), Defendant advertised merchandise with an intent not to sell them as advertised (representing the merchandise was substantially discounted when it was not);

d.  In violation of Section 1770(a)(13), Defendant made false or misleading statements of fact concerning the amount of a price reduction (because the advertised sale and reference prices were false or inflated, and thus consumers did not receive the discounts they thought they were receiving); and

e.  In violation of Section 1770(a)(16), Defendant misrepresented that the merchandise as supplied in accordance with previous representations when it was not (representing that merchandise was sold at discounts off of prevailing market prices when it was not).

74.     Defendant's misrepresentations regarding its reference prices and corresponding discounts off of those reference prices were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether or not to purchase merchandise.

75. Plaintiff and Class members relied upon Defendant's material misrepresentations and would have acted differently had they known the truth.

76. As a direct and proximate result of Defendant's material misrepresentations, Plaintiff and Class members have been irreparably harmed.

77. Pursuant to § 1782(a) of the CLRA, prior to the filing of this Complaint, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to cure.

78. At this time, Plaintiff only seeks injunctive relief through this cause of action. If Defendant fails to appropriately respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiff will amend this Complaint to seek claims for actual and punitive damages, restitution, and all other relief provided for pursuant to § 1780(a).

**FOURTH CAUSE OF ACTION**
**Fraudulent Misrepresentation**

79. Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

80. Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass.

81. Defendant misrepresented that it provides merchandise at deeply discounted prices. However, Defendant in fact utilizes fictitious "original" reference prices such that the "sale" prices are illusory.

82. At the time Defendant made these representations, Defendant knew that these representations were false or nonetheless made them willfully with the intent to deceive Plaintiff and Class members.

83. Defendant also fraudulently misrepresented the time-sensitive, urgent nature of its purported "sale" pricing to induce Plaintiff and Class members to make their purchases.

84. The fraudulent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff

and Class members to make purchases from Defendant.

85.     Plaintiff and Class members would not have purchased merchandise from Defendant or would not have purchased the merchandise on the same terms, if the true facts had been known.

86.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## FIFTH CAUSE OF ACTION
### Negligent Misrepresentation

87.     Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

88.     Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass.

89.     Defendant misrepresented that it provides merchandise at deeply discounted prices. However, Defendant in fact utilizes fictitious "original" reference prices such that the "sale" prices are illusory.

90.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

91.     Defendant also negligently misrepresented the time-sensitive, urgent nature of its purported "sale" pricing to induce Plaintiff and Class members to make their purchases.

92.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to make purchases from Defendant.

93.     Plaintiff and Class members would not have purchased merchandise from Defendant or would not have purchased the merchandise on the same terms, if the true facts had been known.

94.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

95.     Plaintiff repeats and re-alleges the allegations in paragraphs 1–40 as if fully set forth herein.

96.     Plaintiff brings this cause of action on behalf of the Nationwide Class or, in the alternative,

on behalf of the California Subclass.

97.    As a result of its unjust conduct, Defendant has been unjustly enriched.

98.    By reason of Defendant's wrongful conduct, Defendant has benefited from receipt of improper funds, and under principles of equity and good conscience, Defendant should not be permitted to keep this money.

99.    As a result of Defendant's conduct, it would be unjust and/or inequitable for Defendant to retain the benefits of its conduct without restitution to Plaintiff and Class members. Accordingly, Defendant must account to Plaintiff and Class members for its unjust enrichment.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of all others similarly situated, requests that this Court award relief against Defendant as follows:

    a.    An order certifying the Class and designating Plaintiff as the Class Representative and her counsel as Class Counsel;

    b.    Awarding Plaintiff and the proposed Class members damages;

    c.    Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and Class members resulting from its unlawful, unfair and fraudulent business practices described herein;

    d.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

    e.    Order Defendant to engage in a corrective advertising campaign;

    f.    Awarding attorneys' fees and costs; and

    g.    For such other and further relief as the Court may deem necessary or appropriate.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all of the claims so triable.


Dated: May 27, 2026

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Lisa Cintron (SBN 356009)
*lcintron@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Ave., Suite 500
Burbank, CA  91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone:  917.336.0171
Facsimile:   917.336.0177

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT; No. 3:26-cv-05012

**AFFIDAVIT OF TINA WOLFSON**

I, Tina Wolfson, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff Ashley Jones ("Plaintiff") in this action. I am admitted to practice law in California and before this Court, and I am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because many of the acts and transactions by Defendant Shein US Services, LLC ("Defendant") giving rise to this action occurred in San Francisco County, Defendant has intentionally availed itself of the laws and markets of California and this County through the provision of its services in this County, Defendant is subject to personal jurisdiction in this County and conducts substantial business in this County and throughout this District through its online store operation, marketing, sales, and shipments to consumers herein, and a related class action against Defendant already has been brought in this District based on similar allegations arising herein.

3. Plaintiff is a citizen and resident of the County of Los Angeles.

4. Defendant is a Delaware limited liability company with its principal place of business located within the County of Los Angeles at 777 South Alameda Street, 2nd Floor, Los Angeles, California 90021.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on May 27, 2026.

 /s/ Tina Wolfson
Tina Wolfson

CLASS ACTION COMPLAINT; No. 3:26-cv-05012